**Guang JI SHI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4794–AG.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Michael Brown, New York, NY, for Petitioners.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Brendan T. Conway, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

Present: PIERRE N. LEVAL, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Guang Ji Shi, a native and citizen of the People's Republic of China, seeks review of an August 13, 2004 order of the BIA affirming the June 3, 2003 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Ji Shi*, No. A76 282 374 (B.I.A. Aug. 13, 2004), *aff'g* No. A76 282 374 (Immig. Ct. N.Y. City June 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence supports the IJ's adverse credibility finding with regard to Shi's claims of past persecution and subjective fear of future persecution. During his airport interview, Shi claimed that the police had raided his house in an attempt to arrest his parents for violating the family planning policy, and gave no suggestion that the police were also motivated by his family's practice of Christianity, or that he had experienced any other harm. However, in his application and testimony, he claimed that the raid, as well as his expulsion from school, were instigated because of his and his parents' expressions of their Christian beliefs. Shi admitted to making these statements, and never suggested to the IJ that the interview was coercive or the transcript unreliable, and therefore the

IJ properly relied on these discrepancies. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005). The IJ also reasonably rejected Shi's explanation—that he did not know asylum could be based on religion at the time—as inadequate. Moreover, Shi's testimony was inconsistent internally as to whether his siblings were in hiding, and the IJ reasonably construed his testimony as an attempt to backtrack once he suggested they were not hiding. Therefore, a reasonable fact-finder would not be compelled to conclude that Shi experienced past persecution, or fled China because he genuinely feared future harm.

The IJ's rejection of the factual predicate of Shi's claim—that he was a Christian—was also supported by substantial evidence. The IJ properly based his finding on Shi's inconsistent statements and lack of demonstrated knowledge of Christian beliefs. This Court has previously recognized that an individual might identify with a certain religion, and face persecution for that reason, "notwithstanding [his] lack of detailed knowledge about that religion's doctrinal tenets." *Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006). However, the IJ did not find Shi's claimed Christianity incredible due solely to a lack of detailed knowledge about Christian beliefs. Instead, the IJ considered Shi's sparse knowledge of Christian tenets against a background of fundamentally inconsistent statements about Shi's reasons for leaving China. During his airport interview, Shi cited his reasons for leaving as abuse due to a violation of China's family planning policy and a desire to obtain an education in the United States. His failure to state that the government's persecution of him due to his status as a Christian harms the credibility of his claim to be a as *bona fide* member of that religion. While a fact finder might conceiv-

ably credit both Shi's explanations for his failure to mention his Christian beliefs in the airport interview and his undetailed description of Christian tenets, Shi's inconsistent and often implausible statements would not compel a reasonable adjudicator to find him credible. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We dismiss Shi's CAT claim for lack of jurisdiction because Shi failed to exhaust his administrative remedies by arguing that claim meaningfully before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119–20 & nn. 2–3 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, with respect to petitioner's claim for asylum and withholding of removal, and DISMISSED, with respect to the petitioner's CAT claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).